IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| WARREN UZIALKO AND ELLEN UZIALKO | : |
| DEBTORS | : BANKRUPTCY NO. 05-19978 SR |

# OPINION

By:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

## I.   Introduction

Before the Court is the Debtors' Motion to Compel IRS to Consider Offer in Compromise. In their Motion, the Debtors seek to compel the United States of America, on behalf of its agency, the Internal Revenue Service (the "IRS") to consider an offer-in-compromise submitted by the Debtors to the IRS during the pendency of this case. The IRS opposes the Motion. The Court held a hearing on this matter on March 3, 2006. For the reasons stated herein, the Court will deny the Debtors' Motion.

## II.   Background

The Debtors in this case filed a Chapter 13 petition and plan on July 22, 2005. The IRS filed a proof of claim setting forth a secured claim of $288,283.30 and an unsecured priority claim of $961.36. On December 9, 2005, the IRS filed an objection to the Debtors' plan on the basis that it was underfunded and only offered to pay the IRS the amount of $140,000. Wells Fargo, the New Jersey Division of Taxation and the Commonwealth of Pennsylvania, Department of Revenue, also filed objections to the plan. On March 2, 2006, the Debtors filed the instant motion seeking to compel the IRS

to consider an offer-in-compromise of its federal tax liability.

### III.    Discussion

The Court must decide whether it has the authority to compel the IRS to consider an offer-in-compromise submitted by the Debtors. An offer-in-compromise is an offer submitted by a taxpayer to pay less than what is owed in federal taxes. The Court will first examine the IRS' statutory authority governing offers-in-compromise submitted by taxpayers both in and outside of bankruptcy. Next, the Court will examine the few cases that have squarely addressed this issue.

#### A.    The IRS' Statutory Authority

The sole statutory authority that governs the consideration of IRS Form 656 offers-in-compromise by the United States Treasury arises from 26 U.S.C. § 7122. *See In re Mills*, 240 B.R. 689, 692 (Bankr. S.D. W. Va. 1999). An offer-in-compromise of a tax liability pursuant to § 7122 "must be submitted according to the procedures, and in the form and manner, prescribed by the Secretary" (26 C.F.R. § 301.7122-1(d)(1)) and "[t]he IRS may . . . return an offer to compromise a tax liability if it determines that the offer was submitted solely to delay collection *or was otherwise nonprocessable*." (26 C.F.R. § 301.7122-1(d)(2) (emphasis added)). Prior to February 12, 1997, the IRS routinely processed offers-in-compromise of taxpayers who met the processability criteria, regardless of whether the applicants had filed for bankruptcy protection. *See Mills*, 240 B.R. at 692. In February 1997, however, the IRS revised its processability criterion on Form 656 to state "[i]f a taxpayer is in bankruptcy at the time the offer is submitted we will return the offer as nonprocessable." *Id.*

Instead, as set forth in IRS Chief Counsel Notice 2004-25 (July 12, 2004), the

IRS "considers payment proposals submitted by taxpayers in bankruptcy through the plan confirmation process." *See In re 1900 M Restaurant Associates, Inc.*, 319 B.R. 302, 304 (Bankr. D.D.C. 2005). Rather than employing the bulk processing operations established for the high volume of administrative offers-in-compromise that the IRS receives, the Chief Counsel Notice indicates that the IRS vests in employees of the IRS' office who handle insolvency matters the responsibility "to consider payment proposals, usually in the form of a proposed plan, regarding the payment of the [IRS'] claims in a bankruptcy case." *Id.* The Notice goes on to articulate several factors for IRS insolvency employees to consider in making a discretionary determination regarding whether to accept a plan that provides less than what is statutorily required to be paid under the Bankruptcy Code. *Id.* Among the criteria is "whether creditors with the same priority, such as state taxing authorities, are accepting less than full payment of their claims." *Id.*

    B.    <u>Legal Precedent</u>

Several cases have addressed the issue of whether a bankruptcy court has the authority to compel the IRS to consider offers-in-compromise from taxpayers in bankruptcy during the pendency of a bankruptcy case. The United States Bankruptcy Court for the Southern District of West Virginia was the first court to address this issue in 1999 in *In re Mills*, 240 B.R. 689. In *Mills*, a Chapter 13 debtor brought an adversary proceeding challenging the IRS' policy of not processing offers-in-compromise of federal tax liability that are submitted by taxpayers in bankruptcy. Specifically, the debtor asked

3

the court to find that the IRS' policy violates 11 U.S.C. § 525(a)[1] which prohibits discrimination against individuals in bankruptcy on the sole basis of their bankruptcy filing. *Id.* at 691. The debtor asserted that the court could use its equitable powers under 11 U.S.C. § 105[2] to compel the IRS to consider such offers-in-compromise. *Id.*

The court held that the IRS' policy violates § 525(a) by denying taxpayers, based solely on their bankruptcy filing, the same opportunity accorded to other non-bankrupt taxpayers to attempt to negotiate a compromise of their tax obligations. *Id.* at 698. Although the court acknowledged that the decision on whether to accept an offer-in-compromise is within the sole discretion of the IRS and cannot be compelled, it found nonetheless that it had the authority to compel the IRS to at least consider such offers. *Id.* at 695. Consequently, the court mandated that the IRS process the debtor's offer-in-compromise.

Since *Mills*, other courts have agreed that they can compel the IRS to consider

---

[1] Section 525(a) provides in relevant part that:
> a governmental unit may not deny, revoke, suspend, or refuse to renew **_a license, permit, charter, franchise, or other similar grant_** to, or . . . discriminate with respect to such a grant against . . . a person that is . . . a debtor under this title . . . solely because such . . . debtor is . . . a debtor under this title.

11 U.S.C. § 525(a) (emphasis added).

[2] Section 105 of the Bankruptcy Code provides in pertinent part:
> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

offers-in-compromise by taxpayers in bankruptcy, but on different grounds. One such case is *In re Macher*, 2003 WL 23169807 (Bankr. W.D. Va. June 5, 2003), a case involving a Chapter 11 individual debtor. In *Macher,* the United States Bankruptcy Court for the Western District of Virginia disagreed with *Mills* and held that the IRS' policy does not violate § 525(a). Specifically, the court held that § 525(a), by its terms, even broadly construed, does not prohibit the IRS' practice: "a statutorily authorized procedure by which a taxpayer may submit an offer to the government in compromise of his tax liabilities and have the government consider such offer is not a 'license, permit, charter, franchise, or other similar grant' made available by the government to its citizens." *Macher*, 2003 WL 23169807 at *1. Accordingly, the court found § 525(a) does not apply.

Nevertheless, the *Macher* court went on to hold that the IRS' policy does conflict with the policies underlying the Bankruptcy Code in general and the reorganization provisions of Chapter 11 in particular. *Id.* at *2. The court opined that a policy that precludes consideration of an offer-in-compromise from a Chapter 11 debtor, and that would require the debtor to obtain dismissal of his bankruptcy case before the government would be willing to even process such an offer, interferes with the debtor's ability to proceed with the bankruptcy case and thereby obtain a discharge that would enable him to obtain a "fresh start" that is a fundamental purpose of a bankruptcy case. *Id. at *2.* Further, the court observed that it is common in Chapter 11 cases for a debtor and his creditors to engage in negotiations to reach a plan that appropriately modifies the creditors' rights to reflect the debtor's financial realities, thereby enabling the debtor to reorganize and restructure its obligations so that it might continue in business to the

ultimate benefit of everyone involved. *Id.* Although recognizing that a creditor may insist upon its rights and decline to support a plan, the court found that "[t]o honor a policy [] which precludes the government from even entering into the process of negotiation not only seems at odds with common sense, but also puts the government at cross-purposes with the beneficial purposes underlying the reorganization provisions of Chapter 11." *Id.* Accordingly, finding that requiring the government to at least receive and consider a Chapter 11 debtor's offer-in-compromise is consistent with congressional policy encouraging such offers and the purposes of the Bankruptcy system, the *Macher* court entered an order requiring the United States to process and consider the debtor's offer-in-compromise. *Id.* at *3. *Accord In re Holmes*, 298 B.R. 477 (Bankr. M.D. Ga. 2003) (holding that (1) an offer-in-compromise is not a "license" within the meaning of the Bankruptcy Code's anti-discrimination provision and therefore the IRS' refusal to receive and consider the debtor's offer-in-compromise was not prohibited by § 525; (2) the IRS' internal policy of not considering an offer-in-compromise during the pendency of a Chapter 11 proceeding did not have the force and effect of law; and (3) an order directing the IRS to receive and consider the debtor's offer-in-compromise was necessary and appropriate to carry out the congressional intent found in Chapter 11 of the Code); *In re Peterson*, 321 B.R. 259 (Bankr. D. Neb. 2004) (refusing to enforce non-mandatory IRS agency procedure and compelling the IRS to process offer-in-compromise or take seriously its stated position that it will, in good faith, consider accepting less than the Bankruptcy Code requires in a Chapter 13 plan).

    In January 2005, however, the United States Bankruptcy Court for the District of

Columbia took the opposite view in *In re 1900 M Restaurant*, 319 B.R. 302. The *1900 M Restaurant* case involved a Chapter 11 corporate debtor. That debtor brought an adversary proceeding to compel the IRS to process its offer-in-compromise of its federal tax liability. On cross-motions for summary judgment, the court denied the debtor's motion but granted the IRS' motion, finding for several reasons that it did not have the authority to compel the IRS to consider offers-in-compromise. In a detailed and comprehensive opinion, the court found the primary issues to be two-fold: (1) whether the IRS' stated failure to process an offer-in-compromise is a violation of the Code's discrimination provision, 11 U.S.C. § 525(a), thereby making it invalid; and (2) whether the Court alternatively has the authority to enter an order pursuant to 11 U.S.C. § 105 compelling the IRS to consider the debtor's offer-in-compromise.

    1.    *§ 525(a)*

With regard to the first issue, the court agreed with *Macher* and *Holmes* in concluding that § 525(a) does not apply because the IRS' policy does not adversely impact any "license, permit, charter, franchise" or other similar "grant." *See 1900 M Restaurant*, 319 B.R. 302, 305. Accordingly, the court concluded that the debtor was entitled to no relief under § 525(a). *Id.*

    2.    *§ 105(a)*

Turning its attention to the second issue of whether the court can use §105 to compel the IRS to consider offers-in-compromise, the court found that the relief the debtor was seeking was in the nature of mandamus because the debtor was seeking to

7

compel performance of an alleged duty by the IRS.[3] *Id.* The court held, however, that it would be inappropriate to use the mandamus remedy, which is limited to compelling the performance of strictly ministerial duties, and which is unavailable when, as here, an alternative adequate remedy (the plan confirmation process) is available. *Id.* at 313. The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances" and is only available if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. *Id.* (citations omitted).

    (a)    *No Duty*

The court held first that the IRS owes no clear duty to the debtor under § 7122 to process an offer-in-compromise which its Revenue Procedure has specifically treated as nonprocessable when a bankruptcy case of the taxpayer is pending. *Id.* Further, the court observed that § 7122 "does not command the Secretary to consider an offer-in-compromise; it only provides that the Secretary or the Department of Justice, as the case may be, **may** compromise a civil tax liability." *Id.* (emphasis in original). The court found that the IRS' discretion to compromise also carries with it the discretion not to exercise its discretion. *Id.*

Moreover, the court determined that none of the statutory limitations placed on the IRS' discretion under § 7122(a) (that arise implicitly from § 7122(c)) are applicable. *Id.* at 310. In other words, the IRS' decision under the Revenue Procedures to not

---

[3] The court determined that mandamus may be granted under § 105 given its legislative history indicating its similarity to the All Writs Statute. *See 1900 M Restaurant*, 319 B.R at 307.

process offers-in-compromise from taxpayers in bankruptcy does not run afoul of any statutory restrictions. *Id.* Furthermore, the court found that the only statutory provision that provides for judicial review of decisions regarding offers-in-compromise is not applicable. *Id.* Hence, the court concluded it ought not review the IRS' discretionary decision to treat as nonprocessable the debtor's offer-in-compromise. *Id.*

Even if review were available, however, the court stated that it would not view as an abuse of discretion the IRS' decision to treat the debtor's offer-in-compromise as nonprocessable when the debtor is in bankruptcy. *Id.* at 311. Rather, the court held that "[w]hen a bankruptcy case is pending, the IRS rationally can determine that it is inappropriate to assay the treatment of the IRS' claims of offer-in-compromise procedures in isolation from the terms of a proposed plan . . . . Even when a taxpayer's offer-in-compromise includes a proposed plan, the debtor is not in a position to guarantee that it can honor an acceptance of the offer-in-compromise because a proposed plan's effectiveness is contingent on confirmation of the plan by the bankruptcy court."[4] *Id.* Hence, the court found that it makes sense for the IRS to decide

---

[4] The Debtors in the instant case argue that the *1900 M Restaurant* case is distinguishable because it involved a corporate Chapter 11 debtor, as opposed to an individual Chapter 13 debtor, and because the debtor in *1900 M Restaurant* was seeking to compel consideration of an offer-in-compromise *before* the debtor had submitted a plan of confirmation. A review of the opinion, however, confirms that neither of these distinctions is controlling. First, although the court found that the lack of a proposed plan made the IRS' position even more compelling, nothing alters the court's ultimate holding that the plan confirmation process–not the offer-in-compromise process–is the appropriate forum for negotiating tax payments when a debtor is in bankruptcy. Second, nothing in the opinion can be read as applicable only to corporate, as opposed to individual debtors, such as would make the court's holding relevant to only one but not the other.

that treatment of the IRS' claims in bankruptcy must be addressed by the IRS by way of the plan confirmation process instead of the offer-in-compromise process. *Id.* In view of the above, the court held that it cannot find treating offers-in-compromise as nonprocessable violates any clear nondiscretionary duty of the IRS. *Id.* As such, the court held that mandamus is unavailable to compel the IRS to consider the debtor's offer-in-compromise. *Id.*

      (b)    *Adequate Alternative Remedy Exists*

The court also held that mandamus is unavailable on an alternative ground. Mandamus is an extraordinary remedy, available only if other relief is inadequate. *Id.* at 311-12. The court found that processing of a proposed plan through the plan confirmation process is an adequate alternative remedy for the relief sought– even though it may not be through the means the debtor desires. *Id.* at 312. Given that an adequate alternative remedy exists, therefore, the court found that mandamus is not an appropriate remedy.

      (c)    *Alternate § 105(a) Relief Not Justified*

Finally, the court declined to follow the holdings of *Macher* and *Holmes* that "the common sense realities of bankruptcy reorganizations" and "fresh start" principles justify alternative relief under § 105(a).[5] *Id.* at 313. First, the court noted that *Macher* and its progeny fail to fully consider the dynamic which arises from a bankruptcy case and which "warrants the IRS being allowed to address treatment of its claims other than

---

[5] By invoking § 105 (a), a debtor is not confined to seeking mandamus relief. *See 1900 M Restaurant*, 319 B.R. at 313. The debtor in *1900 M Restaurant* alternatively urged that the requested relief was justified under § 105(a) as necessary to facilitate reorganization and other purposes of the bankruptcy process. *Id.*

through the Form 656 offer-in-compromise process". *Id.* The court observed that the Chief Counsel Notice makes clear the IRS' willingness, principally in the context of addressing a proposed plan, to consider agreeing to less than the full amount of tax claims. *Id.* Moreover, the court observed that the Notice lays out sound policy grounds for the IRS' decision to address treatment of tax claims in a bankruptcy case in the context of a proposed plan instead of through an offer-in-compromise. *Id.* Recognizing that the ultimate goal of a chapter 11 case generally ought to be to achieve a confirmed plan, and that chapter 11 enables creditors to assess a proposed plan, and affords creditors participation in the plan confirmation process, the court determined that requiring the IRS to process a Form 656 offer-in-compromise is "neither necessary nor appropriate to carry out the provisions of the [Bankruptcy Code]" as required to grant § 105(a) relief. *Id.* at 314.

The court further observed that "section 105(a) does not provide bankruptcy courts with a roving writ, much less a free hand. The authority bestowed thereunder may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." *See id.* at 314 (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988); *Noonan v. Sec'y of HHS (In re Ludlow Hosp. Soc'y, Inc.*), 124 F.3d 22, 27 (1st Cir. 1997)). The "common sense realities of bankruptcy reorganization", the court held, are not identifiable rights in the Bankruptcy Code. *1900 M Restaurant*, 319 B.R. at 315. Similarly, the court held that the "fresh start" principle is not a specific statutory provision and offers no basis for commanding the IRS to process a Form 656 offer-in-compromise. *Id.* For all of these reasons, the court entered summary

11

judgment on behalf of the IRS.

    C.    <u>Analysis</u>

This Court finds the reasoning and analysis of the *1900 M Restaurant* case most compelling. As such, it will adopt that reasoning in holding that the IRS in this case cannot be compelled to process the Debtors' offer-in-compromise.

First, the Court agrees that the IRS' policy does not violate the Bankruptcy Code's anti-discrimination provision. The policy of electing not to process offers-in-compromise submitted by those in bankruptcy does not adversely impact any "license, permit, charter, franchise" or other similar "grant" as provided for in § 525(a). Consequently, the Debtors are not entitled to relief based on § 525(a).

Second, to the extent that the Debtors are seeking the remedy of mandamus under § 105(a), the Court finds that such a remedy is not appropriate under the circumstances. The Court agrees with the court's finding in *1900 M Restaurant* that the IRS owes no clear duty to the Debtors and that the IRS' decision to process or not process offers-in-compromise lies solely within its discretion. Furthermore, the Court agrees that an adequate alternative remedy exists– i.e., the plan confirmation process– for the Debtors to attempt to obtain a compromised tax liability from the IRS. For these reasons, the Court finds that mandamus is not an appropriate remedy under § 105(a).

Third, to the extent that the Debtors are asking the Court to exercise its general powers under § 105(a) "to carry out the provisions" of the Code, the Court finds that requiring the IRS to negotiate with the Debtors *outside* of the plan confirmation process does not further the provisions of the Code, nor does it foster the ultimate goal of achieving a confirmed plan. Moreover, the Court sees no reason why the IRS ought to

12

be treated differently than any other creditor in enjoying the freedom to negotiate with the Debtors through the plan confirmation process. Furthermore, the Court agrees that the "common sense realities of bankruptcy reorganization" or "fresh start" principles discussed in *Macher* and *Holmes*, although important, are not "identifiable rights" conferred in the Code necessary for the Court to invoke its § 105(a) authority. *See 1900 M Restaurant*, 319 B.R. at 314 ("the authority bestowed [under § 105(a)] may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code."). For these reasons, the Court finds that it does not have the authority under § 105(a) to compel the IRS to negotiate outside of the plan confirmation process. Accordingly, the Court shall deny the Debtors' Motion.

An appropriate Order follows.

By the Court:

Stephen Raslavich
United States Bankruptcy Judge

Dated: March 29, 2006

13

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| WARREN UZIALKO AND ELLEN UZIALKO | : |
| | : |
| DEBTORS | : BANKRUPTCY NO. 05-19978 SR |
| | : |

# ORDER

**AND NOW**, upon consideration of the Debtors' Motion to Compel IRS to Consider Offer in Compromise, and opposition thereto, and after a hearing held thereon on March 3, 2006, it is hereby:

**ORDERED,** that for the reasons stated in the accompanying Opinion, the Motion is DENIED.

BY THE COURT:

STEPHEN RASLAVICH
DATED: March 29, 2006      UNITED STATES BANKRUPTCY JUDGE

**MAILING LIST:**

Frederick L. Reigle
Chapter 13 Trustee
2901 St. Lawrence Ave.
P.O. Box 4010
Reading, PA 19606

Polly Langdon, Esq.
Office of the U.S. Trustee
601 Walnut Street
Philadelphia, PA 19106

Christine M. Gravelle, Esq.
Markowitz Gravelle LLP
3131 Princeton Pike, Building 3
Lawrenceville, NJ 08648

Thomas M. Rath, Esq.
Special Asst. U.S. Attorney
701 Market Street
Suite 2200
Philadelphia, PA 19106